Argued and submitted June 29, 1992, affirmed July 7, 1993

In the Matter of the Compensation of
Robert A. Cravens, Claimant.

Robert A. CRAVENS,
*Petitioner,*

*v.*

SAIF CORPORATION
and Ski Ashland,
*Respondents.*

(WCB 90-15039; CA A72277)

855 P2d 1129

Robert F. Webber, Medford, argued the cause for peti-
tioner. With him on the brief was Black, Chapman & Webber,
Medford.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Claimant seeks review of an order of the Workers' Compensation Board holding that SAIF was not barred from obtaining an offset against claimant's permanent disability award for overpaid temporary total disability benefits (TTD). Claimant argues that the doctrine of *res judicata*, specifically issue preclusion, prevents SAIF from raising an issue of overpayment. We review pursuant to ORS 656.298 and affirm.

Claimant was injured while working at his part-time job for Ski Ashland. He also worked full time for the City of Medford. SAIF accepted the resulting claim and began paying TTD on the basis of claimant's wages from his part-time employment. Because of the injury, he could not return to work at either job. Claimant requested a hearing, contending that TTD should be calculated on the basis of wages from both jobs. The referee ruled that TTD was properly calculated on the basis of claimant's part-time wages at Ski Ashland. Claimant did not appeal that ruling.

Despite the referee's ruling, SAIF mistakenly began paying TTD on the basis of claimant's combined earnings at both jobs. Claimant then requested a hearing, seeking penalties and attorney fees because of SAIF's late payment of the recalculated TTD. SAIF and claimant reached an agreement that it would pay a penalty of $300. The referee entered an order to that effect and dismissed claimant's hearing request with prejudice.

Approximately one year later, but before the claim was closed, SAIF discovered the error in calculation of TTD and, when it issued its notice of claim closure, it took an offset against the permanent disability award for the overpayment. Claimant requested a hearing to review the permanent disability award that resulted from closure of his claim, and also to contest the offset from the disability award. The referee affirmed the permanent disability award and barred the offset on the ground that SAIF was precluded from litigating the amount of TTD because of "claim preclusion." Both parties appealed to the Board. The Board affirmed the permanent award, but reversed on the issue of the offset, holding

that neither claim preclusion, issue preclusion nor waiver barred the offset.

■ On review, claimant relies on the doctrine of *res judicata* as his basis for reversal, but argues only that the included concept of issue preclusion is a bar to SAIF's recovery of the overpayment. He contends that SAIF's stipulation to a penalty for late payment of TTD necessarily determined that the amount of TTD was correct. SAIF would not have agreed to a penalty, he argues, if it had contested the amount of TTD. The issue was necessarily determined by the order accepting the stipulation, claimant contends, and SAIF is foreclosed from now litigating the correctness of the TTD payments. He cites *Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990).

Because claimant uses the general term *"res judicata"* and the Board discussed claim and issue preclusion, we address those separate bases for preclusion. TTD is not, by itself, a "claim" that is precluded by former adjudication purposes. *Drews v. EBI Companies, supra.* Rather, it is an issue included in the claim for compensation. Consequently, *claim* preclusion analysis of the *res judicata* doctrine does not apply in these circumstances.

■ Because the amount of TTD is a factual or legal issue, final adjudication of the amount may preclude relitigation of that issue. In order for relitigation of an issue to be foreclosed by former adjudication, at least two factors must be met. The issue must have been actually litigated and determined in a setting where its determination was necessary to the final decision and a final decision must have been reached. *Drews v. EBI Companies, supra.* Here, claimant has established neither factor.

The amount of TTD was not actually litigated in relation to claimant's request for penalties for late payment. SAIF did not discover its mistake until much later and no issue of the amount was tendered for decision or discussion. The stipulated settlement of the penalty issue provided for a penalty that was related only to the timeliness of the payments and was not dependent on the amount of TTD.

Although the penalty issue for late payment was finally decided, the compensation claim was still open. In fact,

because the claim is still part of this case on review, it has not finally been determined. In that respect, the case is not materially different from *Drews*. There, the claimant sustained a compensable injury and was paid TTD at a mistakenly low rate. The mistake was not discovered or corrected before the claim was finally closed. Later, the claimant filed a claim for aggravation. That claim was denied but the denial was overturned by the referee. The insurer did not seek review and paid TTD at the same incorrect rate. When the aggravation claim was closed, the claimant appealed the permanent award and raised the issue of the incorrect amount of TTD. The insurer argued that the claimant could have raised that issue at the hearing on the denial and, because he did not, he was precluded from litigating it. The Supreme Court held that TTD was not a separate claim and that the rules of preclusion did not apply because the claim for aggravation, of which TTD was a part, had not been finally determined. Consequently, there was not the requisite finality to foreclose the claimant from litigating the amount of previously paid TTD.

Here, as in *Drews*, even if SAIF could and should have raised the issue of the correct TTD rate, there is not the finality of adjudication that is required for either claim or issue preclusion to apply. The amounts of compensation are, under *former* ORS 656.268(10) (renumbered ORS 656.268(13)), subject to adjustment until final closure. *See Drews v. EBI Companies, supra.* It was pursuant to that statute that SAIF made the adjustment in the permanent partial disability award. The statute would have little meaning if the adjustment could be precluded because the correct amount of compensation should have been litigated during the progression of the claim to final closure.

The Board also held that SAIF had not waived its right to the offset by failing to raise the correctness of the TTD when the penalty issue was litigated. We agree. In *Drews*, the court held that, because waiver was the intentional relinquishment of a known right, the claimant, who was unaware that the TTD was incorrect, could not have waived his right to challenge the amount. Here, the Board found that SAIF did not discover its error in calculation until after the hearing on claimant's request for penalties and,

consequently, could not have intentionally and knowingly waived the request for the offset. The Board's legal analysis is correct and its predicate findings are supported by substantial evidence.

Affirmed.